

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2009

# Derrick Massey v. USA

Precedential or Non-Precedential: Precedential

Docket No. 09-1665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Derrick Massey v. USA" (2009). *2009 Decisions.* Paper 545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-268                                          **PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No.  09-1665

———

DERRICK MASSEY,

Appellant

v.

UNITED STATES OF AMERICA

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No.  09-mc-000022)
District Judge:  Honorable Harvey Bartle, III

———

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2009

Before: RENDELL, HARDIMAN and VAN ANTWERPEN,
*Circuit Judges*.

(Filed: September 11, 2009)

Derrick Massey
Fort Dix FCI
P.O. Box 2000
Fort Dix, NJ 08640-0000
    *Pro Se*

J. Alvin Stout, III, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-0000
    *Attorney for Appellee*

——————

OPINION OF THE COURT

——————


PER CURIAM

Derrick Massey, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his petition for a writ of audita querela. We will affirm the District Court's order.

In 1998, Massey pleaded guilty to conspiracy to distribute more than 500 grams of cocaine and marijuana and to unlawful use of a communications facility. Massey was sentenced to a term of 292 months in prison. In 2000, we affirmed the judgment of conviction. In 2002, the District Court denied

Massey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We denied Massey's request for a certificate of appealability.

In 2009, Massey challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Massey argued that he should be afforded a new sentencing hearing under *United States v. Booker*, 543 U.S. 220 (2005). He asserted that the sentencing court might have imposed a shorter sentence if the court had not viewed the sentencing guidelines as mandatory. The District Court denied Massey's petition, and this appeal followed.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* The common law writ of audita querela permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2867, at 235 (1973)). Historically, audita querela existed as a remedy primarily for judgment debtors. *Id.*

While the writ of audita querela has been abolished in civil cases, *see* Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt*, 417 F.3d

3

1172, 1175 (11th Cir. 2005); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Massey may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez-Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). *See also United States v. Baptiste*, 223 F.3d 188, 189-

---

[1] In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). *See also In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). This is not the case here.

90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).[2]

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order denying Massey's petition for a writ of audita querela.

---

[2]*Kessack v. United States*, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), an unpublished decision relied upon by Massey, is not persuasive. Although *Kessack* suggests that the writ of audita querela may fill a gap in § 2255 where a case such as *Booker* does not apply retroactively on collateral review, the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements. We also note that *Kessack* presented equal protection considerations not present here.

5